## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA WOLFE and JOHN WOLFE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. 06-1217-MLB |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Ford's motion to quash and objections to plaintiffs'

30(B)(6) deposition notices (Doc. 36) and plaintiffs' corresponding motion to compel and

for sanctions (Doc. 41). For the reasons set forth below, the respective motions shall be

GRANTED IN PART and DENIED IN PART.

### Background

This is a product liability case concerning a 1993 Ford Ranger truck. Highly

summarized, Laura Wolfe alleges that she was severely and permanently injured when the

truck she was driving "rolled over" on a Kansas highway because of "black ice." She

contends the truck was negligently designed/ manufactured because: (1) 2003 Ford Ranger

trucks have a propensity to roll over and (2) the roof structure and restraint system failed to

protect her from multiple fractures and lacerations.  Her husband, John Wolfe, seeks damages

for loss of consortium.   Additional facts and contentions are contained in the following

discussion of the parties' discovery motions.

**Ford's Motion to Quash**
**and**
**Plaintiffs' Motion to Compel**

On January 19, 2007, plaintiffs emailed an unsigned and undated "Notice of Oral and

Videotaped 30(B)(6) Deposition" to Ford requesting the depositions of employees designated

by Ford to speak on the following issues:

> 1. Ford's use of composite material to reinforce A and B pillars on any
> vehicle world-wide between 1990 and the present date.
>
> 2. Ford's research into the use and effectiveness of composite material
> to reinforce A and B pillars on vehicles both domestically and
> internationally between 1990 and the present date.
>
> 3. Ford's use of seat belts equipped with special locking devices or
> features that minimize webbing payout in extreme circumstances
> between 1990 and the present date.
>
> 4. The background research materials and the results of the research
> work that supported publication of SAE 820494, which was authored by
> BE Lampinen and RA Jeryan.

The notice also included a subpoena duces tecum for:

> 1. A current curriculum vitae for each designee.
>
> 2. An authentic copy of any materials reviewed or relied upon by each
> designee to obtain knowledge of a topic or to refresh recollection on the

topic chosen.[1]

Ford moves to quash and requests that the court excuse Ford from providing a corporate deponent to testify on the topic of "special locking devices" set forth in paragraph 3 and the issues set forth in paragraph 4. Ford also requests that the court "take notice" of its other objections which include: relevance, burden, overly broad, attorney-client privilege, work product, trade secret information, and vagueness.

Plaintiffs counter by moving to compel the depositions and requesting sanctions. Specifically, plaintiffs request the following relief:

1. Denial of Ford's motion to quash;

2. An order compelling immediate production of all items set forth in the initial disclosure provided to Ford in November 2006;

3. An order compelling the immediate production of the corporate representative depositions requested in November 2006;

4. An award of fees and costs associated with the discovery abuse that has occurred; and

5. Sanctions that are deemed appropriate and necessary to ensure that Ford's conduct is both punished and sufficient to serve as a deterrent to further misconduct in this or other litigation.

The parties' requested relief and arguments are discussed in greater detail below.

---

[1]

The deposition date in the notice is March 22, a date tentatively agreed to by Ford pending a review of the specific topics requested by plaintiffs.

**1. November 16, 2006 Disclosure Request**

Shortly after the initial scheduling conference in this case, plaintiffs submitted an email to Ford on November 16, 2006 with a list of 41 topics.[2] Plaintiffs complain that Ford ignored this email and requests an order requiring the immediate production of materials responsive to the 41 listed topics. However, the email does not comply with the initial disclosure requirements found in Fed. R. Civ. P. 26(a) nor does it qualify as a request for the production of documents under Fed. R. Civ. P. 34.[3] Moreover, even if plaintiffs' email were interpreted as a formal production request, plaintiffs' motion to compel is untimely. See D. Kan. Rules 7.1 and 37.2; Scheduling Order, Doc. 22, para. 3(e) (motions to compel must be

---

[2]

In addition to the lengthy list of topics, the email contained the following introduction:

> It has become something of a custom for us to provide Ford a list of items that we expect to receive in a disclosure. We send this list in an effort to resolve all questions that Ford might have as to what we believe is relevant to the claims and defenses to this case. In doing this we hope to avoid Ford's contention that it has no way of anticipating what we thought was or was not relevant and that it could not have anticipated what we expected to have been provided in Ford's disclosures. (Doc. 38-2).

Implicit in this email is the suggestion that Ford was obligated to produce documents in its Rule 26(a) initial disclosures that *plaintiffs* felt were relevant to the claims and defenses in this case. This is an incorrect interpretation of the rule. Rule 26(a) was amended in 2000 to make it clear that the disclosure obligation was limited to documents and materials that the disclosing party "may use to support its claims or defenses." See Rule 26(a)(1)(B).

[3]

Plaintiffs concede that the November 16 email was an informal discovery request. (Doc. 38-2).

-4-

filed within 30 days of the default of service of the response).  Accordingly, plaintiffs'

motion to compel an immediate response to their November 16, 2006 email shall be

DENIED.

**2. Rule 30(B)(6) Depositions**

> **Topics 1 and 2:  Ford's research and use of composite material
> to reinforce A and B pillars on any vehicle world-wide between
> 1990 and the present date.**

Ford objects that these two requests are overly broad and seeks irrelevant information.

Specifically, Ford argues that: (1) the requests are not limited to a reasonable or relevant time

frame, (2) the phrase "composite material" is vague and ambiguous, and (3) requests for

testimony on vehicles manufactured for sale outside of North America are overly broad.

Plaintiffs counter that Ford has a history of providing safety features in vehicles produced

outside the United States that it does not provide to American consumers; thus, the

information requested is relevant to the issue of safer, alternative designs.

The court is satisfied that topics 1 and 2 seek relevant information because the

requests are reasonably calculated to lead to the discovery of evidence concerning  safer,

alternative designs that existed before the 2003 Ford Ranger was manufactured.  The court

is also persuaded that the time frame (back to 1990) and the scope of the requests (world-

wide) is reasonable because in 1995 Ford touted the increased safety provided by composite

materials used to reinforce the A and B pillars of the Ford Falcon, a car sold in Australia.

Extending the discovery request back to 1990 is reasonable because Ford obviously tested the composite materials for a number of years before incorporating the composite structure into the 1995 Australian model. Accordingly, Ford's objections are rejected and plaintiffs' motion to compel the Rule 30(B)(6) depositions concerning topics 1 and 2 shall be GRANTED.

> **Topic 3: Ford's use of seat belts that are equipped with special locking devices or features that minimize webbing in extreme circumstances between 1990 to the present.**

Ford objects to this request, arguing that the request is overly broad and that the use of alternative discovery is more appropriate. Specifically, Ford argues that it has compiled and produced in prior litigation approximately sixteen boxes of historical documents concerning webbing payout/spool-out and that Ford is willing to produce these documents for a reasonable copying cost. Because the information is available by document production, Ford argues that the production request is unduly burdensome.

The standards concerning the scope of discovery are well established. Rule 26(b)(1) provides:

> **In General.** Parties may obtain discovery regarding *any matter, not privileged, that is relevant to the claim or defense of any party*, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).* (Emphasis added).

The limitations in Rule 26(b)(2)(I), (ii), and (iii) are:

(I) the discovery sought is unreasonably cumulative or duplicative, or *is obtainable from some other source that is more convenient, less burdensome, or less expensive*; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.[4] (Emphasis added).

The court is satisfied that production of the sixteen boxes of documents is a more convenient, less burdensome, and less expensive method of discovering the information requested. Accordingly, Ford's objection is sustained and plaintiffs' motion to compel a Rule 30(B)(6) deposition concerning topic 3 is DENIED.

### Topic 4: The background research materials and the results of the research work that supported publication of SAE 820494, which was authored by B.E. Lampien and R.A. Jeryan.

Ford objects to providing a corporate deponent to testify on background research material on a paper written over 20 years ago.[5] The court agrees that a Rule 30(B)(6) deposition is an unnecessary burden and the court will not require Ford to produce a corporate representative to testify about "background research materials and the results of research work" for a paper published in 1982. Accordingly, plaintiffs' motion to compel a

---

[4]

Rule 26(b)(2) was amended effective December 1, 2006 to address electronic discovery. The limitations described in parts (I), (ii), and (iii) remain unchanged.

[5]

Plaintiffs confirm that the article was published by the Society of Automotive Engineers (SAE) in 1982. The Ford employees who carried out the research are named B.E. Lampinen and R.A. Jeryan.

Rule 30(B)(6) deposition concerning topic 4 is DENIED.[6]

**3. Sanctions**

The court is not persuaded that an award of sanctions is appropriate. Counsel for both parties are familiar with each other and have litigated product liability issues in prior cases. The arguments and attachments submitted by the parties quibble over which attorney was unresponsive. Counsel are admonished to engage in good faith communications before bringing a matter to the court for resolution.[7]

**IT IS THEREFORE ORDERED** that Ford's motion to quash **(Doc. 36)** and plaintiffs' motion to compel **(Doc. 41)** are **GRANTED IN PART and DENIED IN PART**, consistent with the rulings set forth above.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts

---

[6]

This ruling is without prejudice to plaintiffs' submission of a properly formulated production request for written or tangible materials concerning the research. The court is satisfied that the information is relevant. The problem is the burdensome method of discovery.

[7]

Complaints that email messages that were sent on a Saturday afternoon or after normal business hours were not promptly answered carry little weight. Moreover, an attorney's assertion that he or she is available "24/7" by cell phone is neither persuasive nor credible.

or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of February 2007.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge