**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAURA WOLFE and JOHN WOLFE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 06-1217-MLB |
| ) | |
| **FORD MOTOR COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to compel (Doc. 87). For the reasons set forth below, the motion shall be DENIED. The following background provides context for plaintiffs' motion.

### Background

This is a product liability case concerning a 1993 Ford Ranger truck. Highly summarized, Laura Wolfe alleges that she was severely and permanently injured when the truck she was driving "rolled over" on a Kansas highway because of "black ice." She contends the truck was negligently designed/manufactured because: (1) 2003 Ford Ranger trucks have a propensity to roll over and (2) the roof structure and restraint system failed to protect her from multiple fractures and lacerations. Her husband, John Wolfe, seeks damages

for loss of consortium.

## Motion to Compel

Plaintiffs move to compel Ford to produce a Rule 30(b)(6) corporate representative for deposition on the following topics: (1) "lawsuits and claims relating to rollover, roof and belt for the Ranger" and (2) "test track rollovers involving the Ranger, all models." Plaintiff also moves to compel Ford to produce a "press release matrix" that was the subject of a discovery dispute in a separate lawsuit (Liddell v. Ford, Case No. 05-1064-TCB, U.S. District Court, N.D. Georgia). The parties' arguments are discussed in greater detail below.

Ford opposes the motion, arguing that plaintiffs' request is untimely. Specifically, Ford cites the Scheduling Order which requires that a motion to compel would be considered untimely if it was not filed within thirty days of the response or objection. (Doc. 22, p. 5). Ford contends that it objected to the Rule 30(b)(6) depositions on August 3, 2007 and October 17, 2007 and produced the matrix information on October 12, 2007. However, plaintiffs waited until December 5, 2007 to file their motion to compel. Plaintiffs counter that their delay in moving to compel should be excused because they were conferring in good faith with various Ford attorneys to resolve the discovery disputes.

The court is not persuaded that plaintiffs' motion to compel should be rejected solely because of the thirty-day provision. Emails attached to plaintiffs' reply brief reveal that counsel were conferring in good faith to resolve the discovery disputes as late as November 12, 2007. Because the parties were conferring in good faith to resolve the discovery disputes

-2-

the court declines to summarily reject plaintiffs' motion for reasons of timeliness .[1]

**Rule 30(b)(6) Deposition**

With respect to plaintiffs' request for a Rule 30(b)(6) witness on "lawsuits and claims relating to rollover, roof and belt," Ford opposes the motion and argues that (1) it has already provided plaintiffs with "Lawsuit and Claim" documents related to Ranger vehicles and (2) that no purpose would be served by having a Ford representative review the exact same documents in order to provide deposition testimony. Ford asserts similar arguments in opposition to plaintiffs' request for a Rule 30(b)(6) witness concerning "test track rollovers."[2] Plaintiffs counter that the deposition should proceed because the deposition will allow plaintiffs to:

> Obtain information not included in the documents produced;
>
> Verify that the information in the documents is correct;
>
> Verify that all documents have been produced; and most importantly,
>
> Determine what Ford did, in the normal course of business, with the information learned from the test track rollover results and litigation claims.

---

[1] D. Kan. Rule 37.1(b) provides that the thirty-day period may be extended for "good cause."

[2] Ford alleges that it produced documents concerning test track rollovers and that having a designated witness review those documents in order to provide testimony is an unnecessary burden.

The problem with plaintiffs' argument is that it fails to illuminate how a corporate representative relying on the same documents already provided to plaintiffs would be able to (1) provide information not included in the documents, (2) verify that the documents are correct and (3) verify that all documents have been produced. Equally important, the court is not persuaded that the Rule 30(b)(6) request provided adequate notice to Ford that plaintiffs would question the corporate witness on "what Ford did with the information."[3] This case has been pending for some time and the parties are in the final stages of discovery. Discovery requests should be refined and focused at this point in the litigation.[4]

The discovery requested by plaintiffs in their Rule 30(b)(6) notice is unreasonably cumulative. It can also be obtained by a review of the documents previously produced by Ford, a source less burdensome and/or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, plaintiffs' motion to compel a 30(b)(6) witness concerning (1) lawsuits and claims and (2) test track rollovers shall be DENIED.

**Press Release Matrix**

Ford was apparently ordered to provide information concerning press releases in a

---

[3] Rule 30(b)(6) requires that the party seeking to conduct the deposition "describe with reasonable particularity the matters for examination."

[4] Ford also argues that plaintiffs have deposed seven Ford employees with personal knowledge concerning test tracks and/or testing procedures but have not questioned any of those witnesses concerning Ford's "normal course of business" concerning test results.

-4-

matrix format to plaintiffs' counsel in Liddell v. Ford, a separate case filed in the Northern District of Georgia.[5] However, the Liddell case settled before production took place. In June 2007 plaintiffs requested in this case that Ford produce the Liddell "press release matrix." Ford agreed to plaintiffs' request and produced the "document" on October 12, 2007. Plaintiffs move to compel, arguing that the document does not contain the information ordered by Judge Batten in the Liddell case. Ford opposes the motion, arguing that it has produced the document prepared for the Liddell case.

The motion to compel shall be DENIED. In a nutshell, plaintiffs ask this court to (1) evaluate discovery rulings by Judge Batten in Liddell, a case that settled before production occurred and (2) then require Ford to provide such information. The court declines this request.[6] Ford produced the document it prepared for the Liddell case and if the document failed to contain the desired information, plaintiffs should have served a specific request for the desired information. This court will not sift through the discovery ashes of another case that settled.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel **(Doc. 87)** is

---

[5] Counsel for both parties are frequent adversaries. Plaintiffs' counsel indicates that he may have brought as many as one hundred product liability cases against Ford.

[6] Plaintiffs attached an exhibit containing a twenty-eight page transcript of a hearing before Judge Batten on August 18, 2006 that addressed numerous discovery issues. The transcript reveals some uncertainty by Ford's counsel on how specific the available information might be. Judge Batten ordered Ford to provide "the most accurate information that it has in response to this inquiry, however accurate that may be." (Doc. 87-3, p. 8). The transcript highlights the uncertainty in Liddell as to what the document would ultimately contain.

**DENIED**.[7]

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of February 2008.

                                         S/ Karen M. Humphreys
                                         _____
                                         KAREN M. HUMPHREYS
                                         United States Magistrate Judge

---

[7] Plaintiffs' motion for leave to file under seal **(Doc. 88)** is **GRANTED.**